Bernard **KLEBANOW**, George Lewis, Egon H. Ottinger, Michael Sloan and Harold L. Marantz, Kenneth Alan Marantz and Edith Lee Marantz, as Executors of the Estate of Charles Marantz, Plaintiffs,

v.

G. Keith **FUNSTON**, as President of the New York Stock Exchange, Ira Haupt & Co. and Morton Kamerman, as Liquidating Trustee for the Benefit of Ira Haupt & Co., Defendants.

Bernard **KLEBANOW** and George Lewis, Plaintiffs,

v.

G. Keith **FUNSTON**, as President of the New York Stock Exchange, Stock Clearing Corporation, Ira Haupt & Co. and Morton Kamerman as Liquidating Trustee for the Benefit of Ira Haupt & Co., and others presently unknown to the Plaintiffs, Defendants.

United States District Court
S. D. New York.

Aug. 11, 1964.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, for plaintiffs; Max Freund and Jerome E. Sharfman, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendants New York Stock Exchange and Stock Clearing Corp.; William E. Jackson and Andrew J. Connick, New York City, of counsel.

PALMIERI, District Judge.

This litigation arises out of the Ira Haupt & Co. disaster. An opinion in In the Matter of Ira Haupt & Co. is filed herewith 234 F.Supp. 167, and all that is stated herein assumes a familiarity with that opinion. At issue are motions to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), two complaints brought by limited partners of Haupt against the New York Stock Exchange and others.

The first complaint seeks to recover $2,100,000 as treble damages allegedly sustained by Haupt as a result of a violation of Section 1 of the Sherman Act (15 U.S.C. § 1). It alleges, in substance, that the Exchange and Stock Clearing Corporation notified each of its member organizations, on November 20, 1963, not to execute contracts with Haupt to buy or sell securities. The members complied with this notice. This action of the defendants is said to constitute a boycott of Haupt and a violation of the antitrust laws.

The defendants have moved to dismiss this complaint on the ground that the limited partners have no right under the New York Partnership Law, McKinney's Consol.Laws, c. 39, derivative or otherwise, to assert a claim for damage to the partnership.

The second complaint contains two causes of action, both grounded on Section 6 of the Securities Exchange Act of 1934. The first is a derivative cause of action seeking damages on behalf of Haupt; the second is a personal cause of action in behalf of each plaintiff. The complaint alleges that the Exchange violated Section 6 by its failure to immediately suspend Haupt upon being informed that Haupt's aggregate indebtedness exceeded 2000 per centum of net capital, a violation of the Exchange's rules, causing Haupt to suffer losses in excess of $10,000,000 and the individual plaintiffs losses in excess of $1,750,000.

The defendants have moved to dismiss this complaint on the grounds that Section 6 does not give these plaintiffs a private cause of action and, further, that limited partners cannot assert a claim in behalf of the partnership.

These motions have been made at the very outset of this litigation and before there has been any meaningful pre-trial discovery. The affairs of Haupt and of its partners, as well as its complex financial relationships, have yet to be plumbed. It is far too early to say what merits, if any, underlie these complaints. The facts need development and clarification. Any dismissal with prejudice at this juncture would be premature and unwise. A decision of such importance should await the completion of pre-trial discovery. Cf. Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957). I have no difficulty with the proposition that the plaintiffs as limited partners have standing to sue derivatively and that their position is analogous to that of a *cestui que* trust where the trustee cannot or will not enforce the cause of action running to him for the benefit of the *cestui que* trust. Bogert, Trusts and Trustees § 869, at pp. 69–71 (2d ed. 1960); 2 Scott, Trusts, § 282.1 (1st ed. 1939).

The motions to dismiss are denied without prejudice. They may be renewed upon the substantial completion of pre-trial discovery.

It is so ordered.