### In the Matter of IRA HAUPT & CO., a Limited Partnership, Bankrupt.

United States District Court
S. D. New York.
March 26, 1965.

See also 240 F.Supp. 10.

Levy, Levy & Ruback, New York City, for petitioner Elias Wartels; Sydney Basil Levy, New York City, of counsel.

Seligson & Morris, New York City, for trustee; Harvey R. Miller, New York City, of counsel.

BONSAL, District Judge.

Elias Wartels, a general partner of Ira Haupt & Co., Bankrupt, has petitioned the Court to review an order of Referee Ryan dated December 31, 1964 directing him to file with Charles Seligson, Trustee of the Estate of the Bankrupt, itemized schedules of his respective assets and liabilities as of March 23, 1964, and to turn over his assets to the Trustee for administration in the bankruptcy proceeding. A similar petition for review was made by D. Dudley Jaffin, another general partner, but he did not appear on the return date and the Court understands that after he filed his peti-

tion he was adjudicated bankrupt, so that his petition has become moot.

Ira Haupt & Co., a leading brokerage firm, was plunged into financial disaster as a result of the so-called vegetable oil scandal of 1963. Primarily as a result of its dealings with Allied Crude Vegetable Oil Refining Co. for whom it acted as broker in large purchases of vegetable oil futures, the ratio of Ira Haupt & Co.'s assets to its liabilities fell below the minimum requirements of the New York Stock Exchange and of the Securities and Exchange Commission. On November 20, 1963 the firm was suspended from further trading by the New York Stock Exchange and has not engaged in business since.

With the assistance of the New York Stock Exchange, which advanced $9,500,-000, an agreement was entered into on November 25, 1963 for the orderly liquidation of the firm's affairs. On March 23, 1964 an involuntary petition in bankruptcy was filed against the firm, and on March 30, 1964 the firm petitioned under Chapter XI of the Bankruptcy Act. On June 26, 1964 the Referee in Bankruptcy dismissed the Chapter XI proceeding and entered an order adjudging the firm bankrupt, which order was affirmed on August 11, 1964 by Judge Palmieri. A comprehensive summary of events to that time is contained in Judge Palmieri's opinion which is reported at 234 F.Supp. 167 (S.D.N.Y.1964).

On October 6, 1964 Charles Seligson was appointed Trustee of the Bankrupt Estate of Ira Haupt & Co., and he thereafter qualified and is now acting as such Trustee. On October 22, 1964 the Trustee applied for the order, review of which is now sought by the petitioner Wartels, and which was issued by the Referee on December 31, 1964.

The Court is informed that as of March 4, 1965, fourteen of the sixteen general partners of Haupt have either filed voluntary petitions in bankruptcy or consented to be adjudicated bankrupts in proceedings instituted against them. The petitioner Wartels is contesting an involuntary bankruptcy proceeding in-

stituted against him. The remaining, or sixteenth, general partner is the Estate of Ira Haupt, deceased, which is the subject of proceedings in the Superior Court of the State of New Jersey.

The sole issue presented by this petition for review is whether the Trustee in Bankruptcy of a bankrupt partnership has the right and duty to marshal the assets of a general partner who has not been individually adjudicated a bankrupt, for the purpose of administering them in accordance with Section 5 of the Bankruptcy Act.

■ As early as 1913 the Supreme Court affirmed an order of the Bankruptcy Court directing that the separate estate of a general partner should be turned over to the Trustee in Bankruptcy of the partnership for administration. Francis v. McNeal, 228 U.S. 695, 33 S.Ct. 701, 57 L.Ed. 1029 (1913). In speaking for the Supreme Court, Mr. Justice Holmes pointed out that there was nothing in the Bankruptcy Act which changed the common law that partnership debts are debts of the general partners and that the individual liability of the partners is not collateral as in the case of a surety, but is primary and direct.

■ Since the liability of the general partners is primary and direct, the assets of the general partners over and above their individual debts constitute assets of the bankrupt estate of the general partnership. Indeed, as Mr. Justice Holmes suggested in Francis v. McNeal, supra, citing In re Forbes, 128 Fed. 137 (D.Mass.1904), it may well be that where a general partnership is bankrupt it follows that the general partners must also be bankrupt. Certainly if the assets of any one of the general partners are sufficient to meet the partnership liabilities, there would appear to be no basis for the bankruptcy of the partnership. This is the purpose of Section 5, sub. i., which provides that in such event the partnership property shall not be administered in bankruptcy unless with the consent of those of the general partners who have not been adjudicated

bankrupt, who have the duty to settle the partnership's affairs and to account to the estate of those of the partners who have been adjudicated bankrupt. On the other hand, where, as here, the partnership has first been adjudicated bankrupt, it would appear to follow that all of the general partners are likewise bankrupt because the partnership bankruptcy indicates that they have not sufficient assets to come forward and discharge the liabilities of the partnership. This is the natural consequence of doing business in partnership form rather than in corporate form.

Long before the Francis case, the Court of Appeals for this Circuit reached a similar conclusion in In re Meyer, 98 Fed. 976 (1899) where the court stated, at p. 979:

> "We are of the opinion that it is the scheme of these provisions to treat the partnership as an entity which may be adjudged a bankrupt by voluntary or involuntary proceeding, irrespective of any adjudication of the individual partners as bankrupt, and upon an adjudication to draw to the administration the individual estates of the partners as well as the partnership estate, and marshal and distribute them according to equity."

See also First Nat'l Bank of Herkimer v. Poland Union, 109 F.2d 54 (2d Cir. 1940), cert. denied, 309 U.S. 682, 60 S.Ct. 723, 84 L.Ed. 1026 (1940).

Petitioner urges that there is nothing in the Bankruptcy Act which authorizes the Bankruptcy Court to compel a non-consenting and nonadjudicated partner to file schedules of assets and liabilities and to surrender his assets to the Trustee in Bankruptcy for marshalling, and in support of his position he cites Referee Rifkind in 33 Ref. J. No. 4, p. 109 (Oct. 1959). However, in view of the nature of the liability of the general partners to the partnership creditors, no such specific authority need be spelled out as it would come within the general duties of the Trustee as indicated in the cases cited above. Moreover, an examination of Section 5 of the Bankruptcy Act (11 U.S.C.

§ 23) does spell out such statutory authority. Thus Section 5, sub. c, provides that the creditors of the bankrupt partnership shall appoint the Trustee who shall be the Trustee of the individual estate of a general partner being administered in the proceeding, provided that the creditors of a general partner *adjudged a bankrupt* may, upon cause shown, be permitted to appoint a separate Trustee of his estate. This indicates that the Trustee of the bankrupt partnership is also the Trustee of the individual estate of a general partner who has not been adjudicated bankrupt.

Section 5, sub. g, which of course it is the duty of the Trustee to carry out, provides that the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts and the net proceeds of the individual estate of each partner to the payment of his individual debts, and that any surplus of the property of a partner remaining after payment of his individual debts shall be added to the partnership assets and be applied to the payment of the partnership debts. The Trustee could not carry out his duties under Section 5, sub. g, without marshalling the assets of the individual partners.

And finally, Section 5, sub. h, provides that the court may marshal the assets of the partnership estate and individual estates so as to prevent preferences and secure the equitable distribution of the property of the several estates. This spells out in statutory form the holding of the Court of Appeals of this Circuit back in 1899 in In re Meyer, supra. Other circuits and other districts have reached the same conclusion. See In re Hurley Mercantile Co., 56 F.2d 1023 (5th Cir. 1932), cert. denied, 286 U.S. 555, 52 S.Ct. 580, 76 L.Ed. 1290 (1932); Carter v. Whisler, 275 Fed. 743 (8th Cir. 1921); In re Sitnek, 52 F.2d 861 (W.D.Pa.1931); In re Sugar Valley Gin Co., 292 Fed. 508 (N.D.Ga.1923).

■■ Since the partnership creditors can only look to the net assets of a general partner (in excess of his individual debts), the Trustee in Bankruptcy of the partnership must necessarily marshal the assets of the general partners as soon as practicable in order to determine whether and in what amount his individual assets will be available to pay partnership debts. 1 Collier, Bankruptcy, 14th Edition (1962), p. 731, para. 5.25; 2 Rowley on Partnerships, 2d Ed. (1960), Section 46.-12, p. 102.

Petitioner suggests that the Supreme Court in Meek v. Centre County Banking Co., 268 U.S. 426, 45 S.Ct. 560, 69 L. Ed. 1028 (1925) overruled its prior holding in Francis, supra. However, Meek merely holds that in a voluntary proceeding one general partner may not bring about an adjudication in bankruptcy of the partnership over the objections of other partners (as of course they may be able to discharge the partnership debts). This holding has no application here since Ira Haupt & Co. was adjudicated bankrupt in an involuntary proceeding.

■ Petitioner contends that even if the Trustee has the power to marshal the assets of nonadjudicated general partners, he may not do so absent proof of insolvency of the partnership. The history of this bankruptcy and Judge Palmieri's finding in dismissing the Chapter XI proceeding and sustaining the involuntary bankruptcy are adequate proof of the partnership's insolvency. There is no present reason to believe that such claims as the bankrupt partnership may have against American Express Company, Allied Crude Vegetable Oil Refining Co., or others, will substantially change the present picture. Moreover, equally relevant to the matter of insolvency is the determination of the assets of the general partners which may be available to pay the partnership debts.

Therefore, the Trustee in Bankruptcy has not only the right, but the duty, to marshal the assets of the petitioner because of his liability as a general partner, and this is true even though petitioner may have had a minor interest in the partnership and, indeed, may have been unaware of the activities which brought about the bankruptcy of the partnership.

The petition of Elias Wartels to review Referee Ryan's order of December 31, 1964 is denied, and the Referee's order is confirmed.

It is so ordered.