**IRA HAUPT & CO., Respondent-Appellant,**

**v.**

**Bernard KLEBANOW, George Lewis and Michael Sloan, Petitioners-Appellees.**

**No. 377, Docket 29454.**

United States Court of Appeals Second Circuit.

Argued March 16, 1965.

Decided June 24, 1965.

**908**

Krause, Hirsch, Gross & Heilpern, and Delson & Gordon, New York City (Sydney Krause, Charles Singer, and Norman Moloshok, New York City, of counsel), for respondent-appellant.

Rosenman, Colin, Kaye, Petschek & Freund, New York City (Max Freund and Jerome E. Sharfman, New York City, of counsel), for petitioners-appellees.

Before MOORE, FRIENDLY and MARSHALL, Circuit Judges.*

PER CURIAM:

As recounted in In re Ira Haupt & Co., 343 F.2d 726 (2 Cir. 1965), Klebanow, Lewis and Sloan, limited partners, filed an involuntary petition in bankruptcy against the partnership, and the six general partners countered with a Chapter XI petition, as permitted by § 321. The limited partners moved to dismiss the Chapter XI petition, and the partnership moved for a stay of adjudication under § 325   Judge Palmieri upheld the referee's grant of the former motion and denial of the latter;  the partnership, which has been adjudicated a bankrupt and is being administered as such, appeals from this action.

The same principles by which a court of bankruptcy was held to have inherent power to dismiss a Chapter XI petition where relief was properly to be had under Chapter X, without benefit of the express authority now contained in § 328, SEC v.

United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940), authorize it to dismiss a Chapter XI petition when it finds that there is no prospect of rehabilitation and that ordinary bankruptcy is the appropriate vehicle.  This is obviously true of a Chapter XI petition filed in a pending bankruptcy since § 325 makes the grant of a stay of adjudication discretionary.  The circumstances here abundantly justified the conclusion that there was no prospect of rehabilitating the partnership.  Upholding Judge Palmieri's order on this ground we have no occasion to consider other arguments advanced by appellees in its support, or their motion to dismiss the appeal for alleged lack of authority to take it.

Affirmed.

---

* The appeal was initially heard by a panel consisting of Chief Judge Lumbard and Judges Moore and Marshall.  Chief Judge Lumbard having later determined that he preferred not to participate, Judge Friendly was designated to act in his stead and the parties were given an opportunity to submit further briefs taking account of the decisions relating to Ira Haupt & Co. reported at 343 F.2d 726 and 344 F.2d 294.