**In the Matter of IRA HAUPT & CO., a
Limited Partnership, Bankrupt.
No. 64 B 259.**

United States District Court
S. D. New York.
April 18, 1966.

See also 2 Cir., 348 F.2d 907; D.C.,
240 F.Supp. 369.

Rosenman, Colin, Kaye, Petschek &
Freund, New York City, for petitioners
Bernard Klebanow, George Lewis, Mi-
chael Sloan, Egon H. Ottinger, Gladys
Knapp, Henry Schlenger and Harold L.
Marantz, Kenneth Allan Marantz and
Edith Lee Marantz, as Executors of the
Estate of Charles Marantz, Max Freund,
Arnold I. Roth, Robert L. Ellis, Jerome
Sharfman, New York City, of counsel.

Leon, Weill & Mahony, New York City,
for Henry Ansbacher & Co.

Wachtell, Lipton, Rosen, Katz & Kern,
New York City, for Wm. Brandt's Sons
& Co., Ltd., Charterhouse Japhet Ltd.
and Kleinwort Benson Ltd.

Milbank, Tweed, Hadley & McCloy,
New York City, for The Chase Manhat-
tan Bank (National Association).

White & Case, New York City, for
Continental Illinois National Bank &
Trust Company of Chicago.

Zalkin & Cohen, New York City, for
First National City Bank and Morgan
Guaranty Trust Company of New York.

Simpson, Thacher & Bartlett, New
York City, for Manufacturers Hanover
Trust Company.

Nixon, Mudge, Rose, Guthrie & Alexander, New York City, for First National State Bank of New Jersey.

LEVET, District Judge.

Petitioners, Bernard Klebanow and others, are creditors of bankrupt, Ira Haupt & Co. (hereinafter "Haupt") who were limited partners of Haupt (and who, for convenience, are referred to herein as the "limited partners"). These limited partners seek judicial review of an order of Bankruptcy Referee Edward J. Ryan, dated and filed December 15, 1965, vacating and suppressing interrogatories which the limited partners served, allegedly pursuant to Section 21k of the Bankruptcy Act, 11 U.S.C. § 44(k), and Rule 33 of the Federal Rules of Civil Procedure, on each of ten banks which had filed claims against Haupt.

11 U.S.C. § 44(k) is in relevant part as follows:

"In all proceedings under this title, the parties in interest shall be entitled to all rights and remedies granted by the Rules of Civil Procedure for the United States District Courts established from time to time by the Supreme Court pertaining to discovery, interrogatories, inspection and production of documents * * *."

Rule 33, Federal Rules of Civil Procedure, provides for the use of interrogatories:

"Any party may serve upon any adverse party written interrogatories * * *. The interrogatories shall be answered separately and fully in writing under oath. * * *"

Haupt has been in bankruptcy for a number of years. Available assets of the bankrupt are said to be $3,710,148.-32. The ten banks have filed claims totalling $19,543,227.28. The limited partners' claims of $2,787,660.31 include their capital investment of $2,000,000, which concededly is subordinated to the claims of the general creditors, and over $700,000 which they contend is not subordinated but preferred. On the other hand, the banks argue that the entire amount of the limited partners' claims is subordinated to claims of non-partner, general creditors (including the claims of the ten banks) and, hence, that the limited partners are entitled to recover on their claims only if there are assets in the bankrupt estate remaining after payment of all such general creditors in full. It is clear that if the bank's claims are valid and if no further assets are found, the limited partners will get nothing. The limited partners, however, contend—and that is critical here—that these claims are invalid for various reasons.

The limited partners served demands for interrogatories on the ten banks. The Bankruptcy Referee vacated these interrogatories apparently on the sole ground that the proceedings were not "adverse" and that until the limited partners served an answer by way of objection to the banks' claims there were no adverse proceedings. The limited partners contend that there is an adverse proceeding.

There is no doubt in my mind that the limited partners and the banks are adverse parties. Collection by the banks will preclude any collection by the limited partners. Moreover, the Court of Appeals for this circuit has determined in this case that the interests of these two groups are adverse at least with regard to the selection of a trustee. In re Ira Haupt & Co., 343 F.2d 726, 728–729 (2nd Cir.), cert. denied sub nom. Klebanow v. Chase Manhattan Bank, 382 U.S. 890, 86 S.Ct. 182, 15 L.Ed.2d 148 (1965). The court's reasoning on that occasion is equally applicable here, that is, that the dissimilar interests of the limited partners and of general creditors necessitate their treatment as adverse parties.

Nor is there any substantial doubt that a proceeding exists between the limited partners and the banks. The filing by each bank of its proof of claim is analogous to the commencement of an action within the bankruptcy proceeding. Nortex Trading Corp. v. Newfield, 311 F.2d 163 (2nd Cir. 1962). "The filing of a proof of claim effectively commences

a proceeding within the bankruptcy proceeding to establish its provability, priority, amount, etc." In re American Anthracite & Bituminous Coal Corp., 22 F.R.D. 504, 507 (S.D.N.Y.1958). To say that there is no "proceeding" until the limited partners have filed objections is to ignore the realities and Rule 33 which allows service of interrogatories before a responsive pleading. McHenry v. Erie R. Co., 9 F.R.D. 554 (N.D.Ohio 1949); McAllister Lighterage Line, Inc. v. Oil Barge Vejoil No. 5, 13 F.R.Serv. 587 (S.D.N.Y.1949); 4 Moore, Federal Practice, ¶ 33.05 (2nd ed. 1963).

■■ The banks argue, nevertheless, that the limited partners have no standing to serve interrogatories since, in doing so, they are usurping the function of the trustee in bankruptcy whose job is to object to invalid claims. It is clear that no general creditor may challenge another general creditor's claim unless the trustee, upon application, refuses to object or withdraws his previous objection. Ross v. Drybrough, 149 F.2d 676 (2nd Cir. 1945); Fred Reuping Leather Co. v. Fort Greene Nat. Bank, 102 F.2d 372 (3rd Cir. 1939); 3 Collier, Bankruptcy, ¶ 57.17 [2.2] at 255 (14th ed. 1964). Secured creditors and other persons having interests adverse to the bankrupt estate, however, may contest the claims of general creditors without resort to the bankruptcy trustee. In re Central Metallic Casket Co., 273 F.2d 506 (7th Cir. 1960); In re Braker, 127 F.2d 652 (6th Cir. 1942).

This case presents a contest, not between one general creditor and another general creditor, but between general creditors and subordinated interests, and, as such, it is analogous to the situation of persons whose interests are adverse to the bankrupt estate who are not bound to go to the trustee. See Collier, Bankruptcy, ¶ 57.17 [2.2] at 261 (14th ed. 1964). It partakes of a rivalry of stockholders and general creditors for the assets of a bankrupt corporation. In re Ira Haupt & Co., supra, 343 F.2d at 728.

In re City of Coral Gables, 1 F.R.D. 600 (S.D.Fla.1941), on which the banks rely, has no application to the present case since there all creditors were of the same class. Other differences make the determination of no precedential value here.

■ I see no reason why the limited partners must await the action of the trustee. They certainly have a vital interest in the issue. Mere form should not interfere. The limited partners should be able to obtain information.

Certainly the limited partners are not bystanders with respect to the validity of the claims of the banks. No matter what the trustee may do, the limited partners should have a right to examine the banks' claims and supply essential proof relative to these issues. The limited partners should not be compelled to rely on the trustee to conduct discovery proceedings. Although the bankruptcy proceeding has been pending for several years, there is no indication that the trustee has objected to the banks' claims or proceeded with any discovery efforts in reference thereto. The trustee is primarily interested in the general creditors by whom he was elected. It is my opinion that on this basis the right of the limited partners to discovery should not be limited but, on the other hand, should be authorized to a reasonable degree. The realities of litigation should control. 4 Moore, Federal Practice, ¶ 33.06 at 2275 (2nd ed. 1963).

■ One of the duties of trustees is to "examine all proofs of claim and object to the allowance of such claims as may be improper." 11 U.S.C. § 75(a) (8). No duty to determine priority of claims seems to be imposed upon the trustee. The trustee in bankruptcy is said to represent every class of creditors of the bankrupt. In re Woodmar Realty Co., 294 F.2d 785, 793 (7th Cir. 1961), cert. denied 369 U.S. 803, 82 S.Ct. 643, 7 L.Ed. 2d 550 (1962). By reason thereof he can hardly press the interest of one class of creditors against another. The fears of dire results flowing from requiring the ten banks to answer interrogatories are groundless. One of the primary objects of discovery in the Federal Courts is to

**100**

elicit facts. The Federal Rules of Civil Procedure are to be construed to secure the just, speedy and inexpensive determination of every action. Fed.R.Civ.P. 1. See Babcock & Wilcox Co. v. North Carolina Pulp Co., 25 F.Supp. 596 (D.Del. 1938).

■ Accordingly, the order of the Referee is reversed and the matter remanded for appropriate action, not inconsistent herewith, and without prejudice to the right of the banks to file objections to the interrogatories, if so desired, and to have the Referee pass upon the same, provided these objections are filed within ten (10) days after the date of the order herein.

Settle order on notice.