HENRY ANSBACHER & CO., Wm. Brandt's Sons & Co., Ltd., Charterhouse Japhet Ltd., Kleinwort Benson Ltd., The Chase Manhattan Bank (National Association), Continental Illinois National Bank & Trust Company of Chicago, First National City Bank, Morgan Guaranty Trust Company of New York, Manufacturers Hanover Trust Company and First National State Bank of New Jersey, Appellants,

v.

Bernard KLEBANOW, George Lewis, Michael Sloan, Egon H. Ottinger, Gladys Knopp, Henry Schlenger and Harold L. Marantz, Kenneth Alan Marantz and Edith Lee Marantz, as Executors of The Estate of Charles Marantz, Appellees.

In the Matter of IRA HAUPT & CO., a Limited Partnership, Bankrupt.

No. 428, Docket 30502.

United States Court of Appeals Second Circuit.

Argued June 3, 1966.

Decided June 22, 1966.

Leonard Zalkin, New York City (Zalkin & Cohen, New York City, on the brief), for First Nat. City Bank and Morgan Guaranty Trust Co. of New York.

Leon, Weill & Mahony, New York City, for Henry Ansbacher & Co.

Wachtell, Lipton, Rosen, Katz & Kern, New York City, for Wm. Brandt's Sons

& Co., Ltd., Charterhouse Japhet Ltd. and Kleinwort Benson Ltd.

Milbank, Tweed, Hadley & McCloy, New York City, for The Chase Manhattan Bank (National Ass'n).

Simpson, Thacher & Bartlett, New York City, for Manufacturers Hanover Trust Co.

Nixon, Mudge, Rose, Guthrie & Alexander, New York City, for First Nat. State Bank of New Jersey.

White & Case, New York City, for Continental Illinois Nat. Bank & Trust Co. of Chicago.

Arnold I. Roth, New York City (Max Freund, Robert L. Ellis, Jerome E. Sharfman, and Rosenman, Colin, Kaye, Petschek & Freund, New York City, on the brief), for appellees.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Appellees Klebanow, et al., creditors of the bankrupt Ira Haupt & Co. as limited partners of Haupt, served interrogatories on appellants, ten banks which had filed claims against Haupt in the bankruptcy proceedings, as a preliminary step in drafting objections to the claims. The banks moved before Referee Ryan to vacate and suppress the interrogatories and he did so. On petition for review in the United States District Court for the Southern District of New York, Judge Levet reversed the referee and remanded the matter to the referee. 253 F.Supp. 97. We agree with the result reached by Judge Levet and affirm the order as modified herein.

■ The order, although interlocutory, is appealable under 24(a) of the Bankruptcy Act, 11 U.S.C. § 47(a), as an order entered in a "proceeding in bankruptcy" as distinguished from "a controversy arising in proceedings in bankruptcy," see 2 Collier on Bankruptcy, Sec. 24.16 (14th ed. 1964). Discovery matters are of an administrative character. They are not actions within the bankruptcy action affecting title to a bankrupt's estate, appealable only when a final order has been entered. They are "proceedings" in bankruptcy, and in the case at bar the order is of sufficient significance to avoid the "trivial matter" exception judicially engrafted on the statute. See In re Equitable Plan Co., 272 F.2d 158 (2d Cir. 1959); In re Bush Terminal Co., 105 F.2d 156 (2d Cir. 1939).

■ Appellants' principal argument is that the order opens up the possibility of utter chaos in bankruptcy proceedings if the trustee is to be bypassed and countless creditors permitted the unlimited use of discovery each against the others on fishing expeditions preparatory to contest of claims. This possibility has led to the rule that in the usual case general creditors cannot challenge the claims of other general creditors unless the trustee on application refuses to do so. 3 Collier on Bankruptcy, Sec. 57.17 [2.2], p. 255 (14th ed. 1964); Ross v. Drybrough, 149 F.2d 676 (2d Cir. 1945). This does not apply in the case of secured creditors whose security interests are directly at stake. In re Roche, 101 F. 956 (5th Cir. 1900); In re Braker, 127 F.2d 652 (6th Cir. 1942). The limited partners in the case at bar are not such secured creditors. It is true that allowance of any substantial portion of the banks' claims will wipe them out, at least so far as their claims are based on their participation in the partnership assets as limited partners, but the trustee is the representative of all the creditors. And the fact that their position as limited partners is adverse to general creditors so far as trustee selection is concerned, In re Ira Haupt & Co., 343 F.2d 726, 728 (2d Cir.), cert. denied sub nom. Klebanow v. Chase Manhattan Bank, 382 U.S. 890, 86 S.Ct. 182, 15 L.Ed.2d 148 (1965), does not mean that they are adverse parties so that F.R.Civ.P. 33, incorporated by reference in Sec. 21k of the Act, 11 U.S.C. § 44k, permits them discovery as of right.

■ However, the court relied in its ruling on the inaction of the trustee over a long period in preparation to contest

the banks' claims,[1] and considering the size of this estate, the amount of the claims, the particular size and extent of the limited partners' interest, and the necessity of outside assistance to the trustee in this case (see In the Matter of Ira Haupt & Co., Knapp, et al. v. Seligson, 361 F.2d 164 (2d Cir., May 3, 1966)), we think the result reached by Judge Levet here was on the whole justified. We think, however, that the discovery should have been permitted the parties at this stage of the proceedings only as acting on behalf of the trustee and the estate he represents.

We therefore modify the order to permit the interrogatories and to allow discovery generally on the banks' claims to be pursued by appellees and their counsel on behalf of the trustee, subject to the Rules as indicated in the order of Judge Levet, the results to be available to the trustee and any creditors for use in this proceeding.

---

[1] "No matter what the trustee may do, the limited partners should have a right to examine the banks' claims and supply essential proof relative to these issues. The limited partners should not be compelled to rely on the trustee to conduct discovery proceedings. Although the bankruptcy proceeding has been pending for several years, there is no indication that the trustee has objected to the banks' claims or proceeded with any discovery efforts in reference thereto. The trustee is primarily interested in the general creditors by whom he was elected. It is my opinion that on this basis the right of the limited partners to discovery should not be limited but, on the other hand, should be authorized to a reasonable degree. The realities of litigation should control. 4 Moore, Federal Practice, ¶ 33.-06 at 2275 (2nd ed. 1963)." 253 F.Supp. 97 at 99.