### In the Matter of IRA HAUPT & CO., a Limited Partnership, Bankrupt.

### No. 64 B 259.

United States District Court
S. D. New York.

Sept. 29, 1967.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for petitioners. Max Freund, Jerome E. Sharfman, New York City, of counsel.

Seligson & Morris, New York City, for Trustee. Harvey R. Miller, Robert Popper, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for the Chase Manhattan Bank (National Ass'n) and New York Stock Exchange.

Simpson, Thacher & Bartlett, New York City, for Manufacturers Hanover Trust Co.

Zalkin & Cohen, New York City, for First National City Bank and Morgan Guaranty Trust Co.

Wachtell, Lipton, Rosen, Katz & Kern, New York City, for Wm. Brandt's Sons & Co. Ltd., Charterhouse Japhet & Thomasson Limited and Kleinwort, Benson Limited. Herbert M. Wachtell, Theodore Gewertz, New York City, of counsel.

## OPINION

BONSAL, District Judge.

Petitioners, former limited partners of Ira Haupt & Co. (Haupt), a New York limited partnership which was adjudicated a bankrupt on June 26, 1964, have filed a petition to review a decision and order of Referee Ryan dated June 1, 1967. Jurisdiction is based upon Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67 (c). Petitioners have filed claims in the Haupt bankruptcy proceeding, which claims are for the most part subordinated to approximately $30 million of claims filed by general creditors.[1] Since the Referee's order was well within his discretion, and in the interest of the bankrupt estate, the petition for review is denied.

On April 10, 1967 petitioners applied to the Referee for an order to compel the trustee in bankruptcy of Haupt (the trustee) to attempt to revoke a demand for arbitration made prior to Haupt's adjudication as a bankrupt, allegedly on behalf of Haupt, in Klebanow v. New York Stock Exchange (the breach of trust action),[2] pending in Supreme Court, New

[1]. The facts with respect to the Haupt bankruptcy are set forth in prior decisions concerning the Haupt bankruptcy proceeding and need not be repeated here. In Re Ira Haupt & Co., 379 F.2d 884 (2d Cir. June 2, 1967), aff'g, 240 F.Supp. 10 (S.D.N.Y.1965); Henry Ansbacher & Co. v. Klebanow, 362 F.2d 569 (2d Cir. 1966), aff'g, In Re Ira Haupt & Co., 253 F.Supp. 97 (S.D.N.Y.1966); In Re Ira Haupt & Co., 361 F.2d 164 (2d Cir. 1966); Ira Haupt & Co. v. Klebanow, 348 F.2d 907 (2d Cir. 1965), aff'g per curiam, In Re Ira Haupt & Co., 234 F.Supp. 167 (S.D.N.Y.1964); Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir. 1965), reversing, 232 F.Supp. 965 (S.D.N.Y.1964); In Re Ira Haupt & Co., 343 F.2d 726 (2d Cir.), cert. denied, Klebanow v. Chase Manhattan Bank, 382 U.S. 890, 86 S.Ct. 182, 15 L.Ed.2d 148 (1965), aff'g, 234 F.Supp. 167 (S.D.N.Y.1964); In Re Ira Haupt & Co., 252 F.Supp. 339 (S.D.N.Y.1966);

In Re Ira Haupt & Co., 240 F.Supp. 369 (S.D.N.Y.1965); Klebanow v. Funston, 35 F.R.D. 518 (S.D.N.Y.1964). The subordinated position of petitioners' claims is described in In Re Ira Haupt & Co., 253 F.Supp. 97 (S.D.N.Y.), aff'd, Henry Ansbacher & Co. v. Klebanow, 362 F.2d 569 (2d Cir. 1966).

[2]. The plaintiffs in the breach of trust action are two former limited partners of Haupt and the defendants are, inter alia, the New York Stock Exchange and several banks which have filed claims in the Haupt bankruptcy proceeding. Plaintiffs allege, inter alia, that under a contract dated November 25, 1963 the Haupt Agreement of Limited Partnership was breached, that the general partners of Haupt violated their fiduciary duties to the limited partners, and that the New York Stock Exchange and the banks participated in this violation of fiduciary duties. The agreement of November 25, 1963 is described in In Re

York County, New York, and to sell to petitioners all of the trustee's right, title and interest in the claims asserted derivatively on behalf of Haupt in the breach of trust action and in two actions pending in this court,[3] Klebanow v. Funston, 64 Civ. 692 (the Securities Exchange Act action),[4] and Klebanow v. Funston, 64 Civ. 935 (the anti-trust action),[5] the sale to be on the following terms:

1) the payment by petitioners of all expenses incurred in the prosecution of the three actions;

2) the payment by petitioners to the trustee of one-third of any recovery in the actions that remains after, (a) reimbursement to petitioners of their out-of-pocket expenses incurred in the prosecution of the actions, and, (b) payment to petitioners' counsel of one-third of any recovery after such reimbursement;

3) the remaining amount of any recovery (after making the payments in 2) above) to be divided among petitioners in proportion to their claims as filed in the Haupt bankruptcy proceeding.

Objections to petitioners' application were filed by the New York Stock Exchange, the Chase Manhattan Bank (National Association), Morgan Guaranty Trust Company of New York, First National City Bank, Manufacturers Hanover Trust Company, Wm. Brandt's Sons & Co. Ltd., Charterhouse Japhet & Thomasson Limited, Kleinwort, Benson Limited, Continental Illinois National Bank and Trust Company of Chicago, and First National State Bank of New Jersey, all of which have filed claims in the Haupt bankruptcy proceeding as general creditors. The New York Stock Exchange is named as a defendant in the three actions. The trustee does not object to the continued prosecution of the actions by petitioners provided that:

1) the actions are prosecuted at petitioners' expense for the benefit of the estate, with any recovery being paid in full to the trustee;

2) the compensation of petitioners' attorneys and reimbursement for out-of-pocket expenses are fixed upon application to the court in accordance with the Bankruptcy Rules; and

3) the trustee retains the right to apply to the court for abatement of the prosecution of the actions, or any of them, should the trustee determine that continued prosecution may prejudice the estate.

By the decision and order dated June 1, 1967, the Referee directed that:

1) petitioners are authorized to continue the prosecution of the three actions for the benefit of Haupt, with the amount

---

Ira Haupt & Co., 234 F.Supp. 167 (S.D. N.Y.1964), aff'd, 343 F.2d 726 (2d Cir.), cert. denied, Klebanow v. Chase Manhattan Bank, 382 U.S. 890, 86 S.Ct. 182, 15 L.Ed. 148 (1965); aff'd per curiam, Ira Haupt & Co. v. Klebanow, 348 F.2d 907 (2d Cir. 1965).

3. In Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir. 1965), the Court of Appeals upheld the right of the limited partners of Haupt to maintain a derivative action on behalf of Haupt, and motions to dismiss the Securities Exchange Act action and the anti-trust action were denied in Klebanow v. Funston, 35 F.R.D. 518 (S.D.N.Y.1964).

4. In the Securities Exchange Act action, plaintiffs, several of the former limited partners of Haupt, allege that the defendant, the New York Stock Exchange, violated Section 6 of the Securities Exchange Act of 1934, 15 U.S.C. § 78f, by permitting the bankrupt to do business as a broker on November 19, 1963 although the defendant was notified before the market opened on that day that Haupt, in violation of the defendant's rules, had permitted its aggregate indebtedness as a broker to exceed 2,000% of the net capital employed in its business.

5. In the anti-trust action, plaintiffs, two former limited partners of Haupt, allege that the defendants, the New York Stock Exchange and Stock Clearing Corporation, engaged in a boycott of Haupt in violation of the anti-trust laws (15 U. S.C. §§ 1, 15, 22) when on November 20, 1963 the defendants notified their member organizations to refrain from dealing with Haupt and the member organizations complied with the notice.

of any recovery to be paid to the trustee;

2) the compensation of petitioners' attorneys and the payment of out-of-pocket expenses would be determined upon application in accordance with the Bankruptcy Act and the Rules of the court;

3) the trustee, upon written request by petitioners, is authorized to execute a document, in form satisfactory to him, to attempt to revoke the demand for arbitration previously made in the breach of trust action;

4) the order was without prejudice to the right of the trustee to apply to the court for an order causing the abatement of the prosecution of the three actions, or any of them, should the trustee determine that continued prosecution of the actions may prejudice the bankrupt estate.

The Referee stated in his decision that, "the [petitioners'] proposal to purchase the claims * * * should be rejected for the simple reason that the proposed terms are not fair to the estate."

Petitioners contend that the Referee erred, first, in rejecting their proposal to purchase two of the actions, viz., the breach of trust action and the anti-trust action, and, second, in declaring that the trustee may apply at some time in the future for an order for the abatement of the prosecution of the three actions.

Petitioners point out that their claims in the Haupt bankruptcy proceeding are for the most part subordinated, and that the trustee has refused to prosecute the two actions.[6] Petitioners argue, therefore, that unless their proposal is accepted they will have no incentive to prosecute the actions, with the result that the estate will receive nothing. Since no other proposal has been made for the prosecution of these actions and since partial recovery would be better than nothing, petitioners contend that their proposal is fair to the estate. Finally, petitioners argue that if the three actions are not prosecuted, those creditors of Haupt who are named as defendants in the three actions will receive a preference since their claims will not be offset by the amount of their liability therein.

■ The Referee's order of June 1, 1967 may not be set aside absent an abuse of discretion. See Reid v. King, 157 F.2d 868 (4th Cir. 1946); In Re Realty Foundation, 75 F.2d 286 (2d Cir. 1935); In Re New Strand Theatre Inc., 109 F.Supp. 350 (S.D.N.Y.1952), aff'd per curiam, 201 F.2d 889 (2d Cir.), cert. denied Ratett v. Kaplan, 345 U.S. 995, 73 S.Ct. 1137, 97 L.Ed. 1402 (1953); see also In Re Ira Haupt & Co., 379 F.2d 884 (2d Cir. June 2, 1967). Here there was no abuse of discretion, nor is the Referee's conclusion, that petitioners' terms for the purchase of the actions were not fair to the Haupt estate, arbitrary or unreasonable.

■ When a derivative action on behalf of a bankrupt is commenced prior to a bankruptcy proceeding, it passes to the trustee as an asset of the estate following the institution of bankruptcy proceedings and the appointment of a trustee. The trustee may permit the parties instituting the derivative action to continue its prosecution. If recovery is had, the trustee may claim the amount thereof as an asset of the estate, subject to attorneys' fees and expenses. If no recovery is had, the estate is not liable for attorneys' fees or expenses. Meyer v. Fleming, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946); Sherman v. Buckley, 119 F.2d 280 (2d Cir.), cert. denied, 314

---

6. In a letter to petitioners' attorney dated November 25, 1966, the trustee stated that with respect to the anti-trust action, "I have reached the conclusion that it would not be in the best interest of this [Haupt] estate for me as trustee to undertake to continue the prosecution of the claims asserted in the pending lawsuits. Accordingly, I do not intend to intervene in either of those actions nor do I plan to initiate any independent actions covering the same subject matter." A similar statement with respect to the breach of trust action is contained in a letter from the trustee to petitioners' attorney dated February 2, 1967.

U.S. 657, 62 S.Ct. 110, 86 L.Ed. 527 (1941); In Re Prudence Co., 96 F.2d 157 (2d Cir.), cert. denied, McGrath v. Davison, 305 U.S. 616, 59 S.Ct. 75, 83 L.Ed. 393 (1938); Gochenour v. George & Francis Ball Foundation, 35 F.Supp. 508 (S.D.Ind.1940), aff'd per curiam, 117 F.2d 259 (7th Cir.), cert. denied, 313 U.S. 566, 61 S.Ct. 942, 85 L.Ed. 1526 (1941); see Gochenour v. Cleveland Terminals Bldg. Co., 118 F.2d 89 (6th Cir. 1941); In Re Olsen, 70 F.2d 253 (2d Cir. 1934). Therefore, since the trustee is entitled to obtain any recovery in the actions, subject to attorneys' fees and expenses, without subjecting the estate to liability in the event no recovery is had, petitioners' proposal does not give the bankrupt estate anything which it did not already have. Petitioners are not offering to pay anything to the estate for the two actions but are offering the estate a portion of what the estate has a right to obtain in full, subject to attorneys' fees and expenses. Under their proposal, petitioners would receive four-ninths of the recovery while the estate would receive only two-ninths.

On these facts, it cannot be said that the Referee's conclusion that the proposal was not fair to the estate was arbitrary. Petitioners cannot successfully argue that their proposal is fair because they will not prosecute the actions if it is rejected. Accepting this argument would mean that petitioners could compel the trustee and the Referee to sell the actions to them on whatever terms they decided were necessary to induce them to prosecute the actions.

The trustee could impose the conditions that he did when he consented to continued prosecution of the actions by petitioners (Meyer v. Fleming, supra; Sherman v. Buckley, supra; In Re Prudence Co., supra; Gochenour v. George & Francis Ball Foundation, supra; see Gochenour v. Cleveland Terminals Bldg. Co., supra; In Re Olsen, supra), and the Referee could reasonably find that these conditions were in the interest of the bankrupt estate. Petitioners did not ac-

quire a right to prosecute the actions by reason of the trustee's refusal to do so. See Gochenour v. Cleveland Terminals Bldg. Co., supra; cf. Schmidt v. Esquire, Inc., 210 F.2d 908 (7th Cir.), cert. denied, Schmidt v. Crowell-Collier Pub. Co., 348 U.S. 819, 75 S.Ct. 31, 99 L.Ed. 646 (1954); Gochenour v. George & Francis Ball Foundation, supra. The bankruptcy court "has exclusive authority to determine how causes of action which have become a part of the bankruptcy estate shall be enforced," (Meyer v. Fleming, supra, 327 U.S. at 169, 66 S.Ct. at 387), and "plaintiffs have no right to maintain this action unless the * * * bankruptcy court relinquished its jurisdiction over such asset, or, * * * the cause of action has been abandoned * * *. As a matter of fact, the action is a derivative one and must be maintained by either the debtor or some one on its behalf." Gochenour v. George & Francis Ball Foundation, supra, 35 F.Supp. at 516. The trustee has not abandoned the three actions by refusing to prosecute them (see Schmidt v. Esquire, Inc., supra; In Re Prudence Co., supra; Gochenour v. George & Francis Ball Foundation, supra), and since they are derivative actions, they must be maintained on behalf of Haupt. See Gochenour v. George & Francis Ball Foundation, supra.

Finally, petitioners contend that the Referee erred in his order by making it without prejudice to the right of the trustee to apply to the court in the future for an order of abatement as to one or more of the actions. Petitioners point out that the trustee put forward no grounds for seeking this right and that the possibility of abatement may deter the petitioners from prosecuting the actions. However, the Referee's order reserved to the trustee only a power he already possessed and, therefore, petitioners have no basis for claiming they were prejudiced. A trustee in bankruptcy has the power to seek an order of abatement in an action that is prosecuted on behalf of the bankrupt (Meyer v. Fleming, supra; Sherman v. Buckley,

supra; In Re Prudence Co., supra; Gochenour v. George & Francis Ball Foundation, supra; see In Re Olsen, supra), and this power is available if it appears that continued prosecution of an action may prejudice the estate. See Klebanow v. New York Produce Exchange, 344 F.2d 294, 299 (2d Cir. 1965).

For the foregoing reasons, the petition to review is denied.

It is so ordered.