**In re REALTY ASSOCIATES SECURITIES CORPORATION.**

**No. 45024.**

District Court, E. D. New York.

June 27, 1944.

See also 55 F.Supp. 546.

Halpin & Keogh, of New York City (Eugene J. Keogh and Edward S. St. John, both of New York City, of counsel), for trustees.

Auchincloss, Alley & Duncan, of New York City (James B. Alley, Charles R. Lowther and Arnold Furst, all of New York City, of counsel), for debtor.

James F. Dealy, of New York City, for Amalgamated Properties, Inc.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Joseph R. Margulies, of New York City, for bondholders Ernestine Needles, Abraham Needles, et al.

George Zolotar, of New York City, for Securities and Exchange Commission.

MOSCOWITZ, District Judge.

Realty Associates Securities Corporation is in the process of reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Hunter L. Delatour and Raymond Reisler were appointed as disinterested trustees by order of this Court on September 28, 1943, to administer the estate as officers of the court.

Espade Realty Corporation, a wholly owned subsidiary of Realty Associates Securities Corporation, filed a voluntary petition for reorganization under Chapter X within the parent proceeding (Realty Associates Securities Corporation) on March 17, 1944. By order of this Court on the same day, Hunter L. Delatour and Raymond Reisler were appointed to act as the trustees of Espade Realty Corporation. The question has been raised whether the said persons are not disqualified to act as trustees of Espade for the reason that they have title to all of its outstanding stock.

Section 156 of the Bankruptcy Act, 11 U.S.C.A. § 556, requires that the trustees appointed by the court shall be "disinterested," and Section 158, 11 U.S.C.A. § 558, asserts that a person shall not be deemed disinterested if he is a stockholder of the debtor.

The purpose of the enactment of these provisions is apparent. It is to be presumed that a person who is a stockholder of a debtor in his individual capacity will not be capable of acting with that degree of impartiality and disinterested judgment which is expected of the trustee who is to be entrusted with the administration of the estate in accordance with the purposes of the statute. The trustee must be divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters. But this is as far as the reason for the prohibition goes. Where the persons who are trustees of the parent corporation have no personal interest whatever in either the parent or the subsidiary, the object of Sections 156 and 158 is satisfied and the appointment of the trustees of the parent to act as trustees of the subsidiary does not encroach upon such object. The nominal ownership of the subsidiary's stock in their fiduciary capacity does not prevent such persons from being deemed disinterested.

To reach a contrary result by a technical and literal interpretation of Section 158 would be to ignore the best interests of the estate, and this would itself be contrary to the statute. The trustees of the parent and their attorneys have necessarily acquired a familiarity with the affairs of the subsidiary which can be put to expeditious use if they are to administer the estate of the subsidiary. Requiring new appointees would result in unnecessary duplication of efforts, with consequent additional costs to the estate. Similarly, the services of accountants and appraisers who are employed in the parent proceeding can be procured much more economically than if new ones were to be designated by different trustees.

Therefore, the appointment of the same persons who are trustees of the parent corporation as trustees in the reorganization of a wholly-owned subsidiary is not precluded by the Bankruptcy Act and is deemed advisable in the best interests of this estate.