### In the Matter of G.E.C. SECURITIES, INC., Bankrupt.

United States District Court
S. D. New York.
Nov. 20, 1963.

Rosen & Rosen, New York City, for Creditors Committee.

Donovan, Leisure, Newton & Irvine, New York City, for respondent Trustee. Francis A. Brick, Jr., Richard N. Winfield, Louis C. Lustenberger, Jr., New York City, of counsel.

COOPER, District Judge.

This is a series of three motions pursuant to § 39, sub. c of the Bankruptcy Act, 11 U.S.C. § 67, sub. c, seeking to vacate the election of James B. Kilsheimer III as trustee in bankruptcy of G.E.C. Securities, Inc. (hereinafter, GECS). GECS was adjudged bankrupt on July 8, 1963.

Prior to the adjudication of bankruptcy, an attempt was made to reorganize GECS under Chapter X of the Bankruptcy Act. The attempted reorganization failed because of insufficient assets. Kilsheimer had been appointed trustee to carry out the reorganization, and when the plan failed, he was appointed interim trustee in bankruptcy until an election of a trustee could be held by the creditors of GECS.

GECS is a wholly owned subsidiary of General Economics Corporation. On July 17, 1963, after GECS had been adjudged bankrupt, its parent, General Economics Corporation, and six other affiliates[1] petitioned for reorganization under Chapter X of the Bankruptcy Act. The petition was approved, and Kilsheimer and Alexander Halpern were appointed co-trustees to carry out the reorganization.

The action complained of in these three motions took place at the first meeting of GECS' creditors held August 9, 1963. The meeting was called to elect a trustee in bankruptcy. Kilsheimer, Alex L. Rosen and Martin Frank were nominated by the creditors.

Upon Kilsheimer's election, the Referee entered an order on the same date approving the election. Thereafter, four petitions for review were brought by Rosen, Frank, Arthur Dresner and a creditors' committee. Each sought substantially the same relief, i. e.: that Kilsheimer's election be vacated and a new election held or, in the alternative, that Rosen, as the defeated candidate be appointed. The court is also asked to include certain papers in its review of the election.

Petitioners ask that all the creditors' claims against GECS voted at the election be made part of the record on review. In addition, they seek to add to the record stenographic minutes of the earlier reorganization proceedings held before Chief Judge Sylvester J. Ryan.

The section of the Bankruptcy Act under which these petitions are brought requires that the petition be filed by "[a] person aggrieved by an order of a referee." § 39, sub. c. The term "aggrieved" has a very specific and narrow meaning.

In these petitions, Frank states that he acts as attorney for creditor Dresner, Gomberg & Co., Inc. and as proxy for Richard Gray & Co., Inc. Rosen claims his standing as attorney for the creditors' committee.

■ The court has some doubt whether Frank and Rosen are parties aggrieved. Neither they nor the parties they represent have shown damage due to Kilsheimer's election other than becoming a member of a minority of creditors. This is not enough to satisfy the statute. In re Deena Woolen Mills, 114 F.Supp. 260 (D. Maine 1953); In re Grossman, 225 F. 1020 (S.D.N.Y. 1915); 2 Collier on Bankruptcy ¶39.19 (14th Ed. 1962). However, even if they do not so qualify, the court has authority on its own motion to review orders in bankruptcy since a referee is considered an arm of the bankruptcy court. Heiser v. Woodruff, 150 F.2d 867 (10th Cir. 1945).

■ It is within the court's discretion to add to the record evidence not heard by the Referee. General Order 47, 11 U.S.C. following § 53. The language of that section is: "the judge * * * *may* receive further evidence * * *" (Emphasis added.) Accord: Fried v. Margolis, 296 F.2d 670 (2d Cir. 1961). Additional evidence may be helpful in determining whether the correct result has been reached by the Referee. Dunsdon v. Federal Land Bank of St. Paul, 137 F.2d 84 (8th Cir. 1943).

■ We will receive the claims voted at the meeting since respondent trustee does not object to them. (Brief for Respondent, p. 25). Proceedings before Chief Judge Ryan also will be accepted as part of the record. Since petitioner must show under General Order 47 the Referee's actions to have been clearly erroneous before his order will be reversed, a difficult burden must be met. Accordingly, the court will consider these minutes in order to determine whether that burden has been discharged.

The court turns to the Referee's actions at the August 9 meeting. The objections raised by petitioners fall into

1. G.E.C. Funding Corp., General Economics Realty, Inc., Toronto Bayview Realty Ltd., General Economics Syndicate, Inc., Secured Financial Corporation, and G.E.C. Securities of Fla., Inc.

three general categories and are addressed to the conduct of the Referee:

(1) Making statements about the candidates, allowing others to do so, and refusing an adjournment during the meeting.

(2) Allowing Kilsheimer to vote certain claims for himself and refusing to allow other claims to be voted for the unsuccessful candidate.

(3) Refusing to allow a hearing on Kilsheimer's alleged conflict of interest at the meeting.

■ In the first group of objections, petitioners claim that the Referee made complimentary remarks about Kilsheimer, he was less complimentary about Rosen and said nothing on behalf of Frank. The minutes of the meeting fail to show this. Further, it should be noted that Frank withdrew his name from nomination. We see no prejudice in this insignificant episode.

■ It is also claimed that the Referee allowed a creditor to make derogatory statements about Frank. These statements could not have been controlled by the Referee. Again no prejudice resulted in the election since Frank voluntarily withdrew his name from nomination.

When the Referee at this same meeting called for claims to be voted for candidate Rosen, a claim which had been committed to Frank prior to his withdrawal was offered for Rosen. Kilsheimer objected, and the Referee disallowed the claim because its accompanying affidavit contained the commitment to Frank. Arthur Dresner, chairman of the committee which owned the consolidated claim, then asked for an adjournment to change the affidavit of the committee to favor Rosen. The Referee refused the adjournment. His refusal was based on "the very large number of creditors who had taken the time to participate therein," and his recognition that there had already been a vigorous solicitation of claims for voting. (Referee Ryan's Certificate of Review; September 20, 1963). He felt that a postponement at that time

would encourage further electioneering. Refusal to adjourn a meeting of creditors on similar facts was upheld in Matter of Louis Elting, Inc., 4 F.Supp. 732 (S.D. N.Y. 1933). See also 2 Collier on Bankruptcy ¶44.05 (14th Ed. 1962).

Included in the second group of objections are three claims which the Referee allowed Kilsheimer to vote: General Economic Corporation's claim against GECS, affiliate G.E.C. Securities of Florida's claim, and one of an individual creditor.

General Economics Corporation's claim is challenged as not being in substantial compliance with § 57, sub. a of the Bankruptcy Act, 11 U.S.C. § 93, sub. a, because the claim states balances rather than the basis for computing the balances. Further, the consideration for the claim allegedly is not clearly stated.

■ As was pointed out in Schwartz v. Mills, 192 F.2d 727, 730 (2d Cir. 1951), all that is necessary for compliance with the statute is that there be "reasonable ground for the allowance." There will be a sufficient showing of consideration "if the creditors and trustees are thereby supplied with enough information as to the circumstances giving rise to the debt to be able to test and pass on its validity, legality and substantial accuracy."

■ The claim is broken down into twenty-four items showing the date, transaction and balance of funds owed to General Economics Corporation. The court agrees with the Referee that this analysis is sufficient to pass on its validity, sufficiency and accuracy. It meets the test in the Schwartz case.

The claim is further challenged on the ground that Kilsheimer did not file an affidavit to vote it, in compliance with Local Bankruptcy Rule 14(b). Rule 14 (b) requires an affidavit from a person voting more than one claim by proxy. Since each of the three claims was voted by Kilsheimer in a different capacity, the Referee allowed them to be voted without the affidavit. Only the claim of the individual was voted as a proxy. The

claims of the two corporations were voted by them as creditors through Kilsheimer, their mutual co-trustee.

The second group of objections also includes claims which the Referee refused to accept. These were the claims of the creditors' committee which Dresner, the chairman, attempted to vote for Rosen. After the Referee refused to allow this claim, Dresner attempted to vote the consolidated claim as an individual creditor. Since the attached affidavit referred to Dresner as chairman of the committee and showed that this was a committee's claim, it was not in compliance with Local Rule 14(c) (1) which states that an affidavit must contain certain information (absent here) when it is the affidavit of an individual.

Even if the affidavit had met the requirements of that section, it could not have been voted for Rosen against the will of the other members of the creditors' committee. Dresner could not change the votes of all the members of the committee without their consent.

In the third catagory of objections, petitioners claim that if Kilsheimer is allowed to remain as elected trustee of GECS and as appointed co-trustee of its parent corporation, "there may be cross-currents of motive which might cause embarrassment." (Brief for Petitioners, p. 26). They state that one who is a trustee of both parent and subsidiary cannot avoid a conflict of interest when the parent has a claim against the subsidiary.

The Referee had not taken testimony on the issue of an alleged conflict of interest during the first creditors' meeting when Kilsheimer was elected. He stated in the denial of one of the petitions for review that "it was most improbable that a conflict of interest, in fact, did exist" based on the fact that the Chief Judge had appointed Kilsheimer to this position in the affiliated corporations and had conducted several hearings in which Kilsheimer took part.

The Referee's approval of Kilsheimer after his election constitutes a finding of fact. General Order 47 states that a finding of fact by a Referee will not be set aside unless clearly erroneous.

Even with the additional evidence from the hearings held before Chief Judge Ryan, petitioner has not shown clear error on the part of the Referee. Furthermore the facts elicited from the minutes do not make out a case of conflict of interest sufficient to warrant a reversal of the Referee's decision.

A single trustee has been allowed to serve both parent and subsidiary in a Chapter X reorganization. In re Realty Associates Securities Corp., 56 F.Supp. 1007 (E.D.N.Y. 1944); In re Inland Gas Corp., 208 F.2d 13 (6th Cir. 1953). The dual position is called into question in those cases where § 158 of the Bankruptcy Act, 11 U.S.C. § 558, specifically forbids a conflict of interest. There is no such specific prohibition in the case at bar.

Petitioners rely on In re Natl. Public Service Corp., 68 F.2d 859 (2d Cir. 1934), specifically that "the trustee's impartiality must be free from all question." 68 F.2d at 863. In that case, a single trustee administered four related estates in bankruptcy. Nevertheless, Judge Learned Hand pointed out that "such unity would not necessarily be a decisive impropriety; it would be possible, whenever a real conflict arose, to have the trustee represented by two separate attorneys, and by opposing groups of creditors." Supra.

Petitioners have failed to show that Kilsheimer's appointment after his election was erroneous. Accordingly, this court affirms the action of the Referee in the election of a trustee for GECS.

Motion to add additional evidence to the record is granted. Motion to vacate the election of Kilsheimer as trustee is denied.

This is to be considered an order; no settlement thereof is necessary.

So ordered.