**UNITED STATES of America, Plaintiff,**

**v.**

**Ogden T. DAVIS and Jeanne D-Arc Davis, Marcel Therreault and Ernesto C. Gil, Defendants.**

**Civ. No. 9427.**

United States District Court
N. D. New York.
Feb. 9, 1965.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for plaintiff, James P. Shanahan, Asst. U. S. Atty., of counsel.

John R. Cummins, Plattsburgh, N. Y., for defendants Ogden T. Davis and Ernesto C. Gil.

JAMES T. FOLEY, Chief Judge.

The defendants, Ogden T. Davis and Ernesto C. Gil, move by order to show cause to vacate and quash service of process in this action which was effected by service of summons and complaint upon John R. Cummins, an attorney, with offices in Plattsburgh, New York, and a member of the Bar of this District Court. Davis and Gil are residents of Mexico and were so at the time of the service upon the attorney. The amounts involved are considerable and arise from alleged income tax deficiencies and defaults in payment. The amounts of tax, penalties and interest sought after jeopardy tax assessments were made against Davis and Gil are for $408,850.25 from Davis and his wife, who filed joint income tax returns now questioned, and from Gil for $124,210.68.

In each instance, before service of process, broad powers of attorney attached to the complaint had been executed by Davis and Gil in Guernavacca, Morelos, Mexico, in 1957. The authenticity of such documents and validity of such execution are not in dispute. The only contention is that such powers of attorney by their wording do not contain sufficient expression to warrant the service of process upon Attorney Cummins as " * * * an agent authorized by appointment * * * to receive service of process." (Federal Rules Civ.Proc. 4(d) (1). I disagree because the breadth of the designation compels under controlling case law of this Circuit that actual implied appointment may be readily spelled out. (United States v. Balanovski, 2 Cir., 236 F.2d 298, 302–303). The Davis power of attorney, and the Gil one, not differing materially, were drawn and executed for the appearance of Attorney Cummins in these particular tax problems upon which the complaint is based, and by repetitive wording authorize appearance by the attorney not only before all boards of the Internal Revenue Service but before all tax courts and all federal courts. The grant is stated in one part " * * * to do all things that are necessary in defending me before all tax bodies and all courts * * * ". Although there is no exact phrase or words that expressly authorize acceptance of service of process, it is my judgment that the Balanovski reasoning applied in a similar tax situation must prevail in view of the broad and sweeping terms in these powers of attorney. (See Schwarz v. Thomas, 95 U.S.App.D.C., 222 F.2d 305).

There is no fear under the circumstances that service of the summons and complaint upon Attorney Cummins would not be brought home to each principal. This is at times a matter of concern in these problems of service of process through claimed authorized agent. That service of process upon their lawyer would bring notice of the lawsuit to Davis

and Gil seems beyond argument and is evident here from the motion itself in their behalf to quash the service. Also, a lawyer endowed with all the authority given as here to act and appear is about the best candidate one could choose to insure notice of a pending lawsuit. (See National Equipment Rental, Ltd. v. Szukhent, et al., 375 U.S. 311, 315, 84 S. Ct. 411, 11 L.Ed.2d 354).

The order to show cause is dismissed and the relief requested therein to vacate and quash the service is denied.

It is So Ordered.