In the Matter of IRA HAUPT & CO.,
a Limited Partnership, Bankrupt.

No. 64 B 259.

United States District Court
S. D. New York.

Aug. 2, 1968.

Cravath, Swaine & Moore, New York City, for petitioner, Chemical Bank New York Trust Co.; by John W. Barnum, George J. Wade and Charles R. Berman, New York City, of counsel.

Seligson & Morris, New York City, for cross-petitioner, Charles Seligson, Trustee; by Harvey R. Miller and Jeffrey L. Zivyak, New York City, of counsel.

## OPINION

POLLACK, District Judge.

A creditor of the Estate of Ira Haupt & Co., in Bankruptcy ("Haupt" hereafter) petitions for review and reversal of an order of a court of bankruptcy sustaining its summary jurisdiction to adjudicate a controversy between the Trustee in Bankruptcy and that creditor.

The order was entered on April 25, 1968 after hearings before the Referee on the jurisdictional issue raised by the application of the Trustee in Bankruptcy which seeks to compel the creditor, the Chemical Bank New York Trust Company ("Chemical" hereafter) to surrender and turn over to the Trustee a sum of $993,495.75 with interest.

Chemical did not file a formal written proof of claim in the proceedings and denies that it submitted in any other way to the summary jurisdiction of the court of bankruptcy. The Referee, however, found that the acts and oral statements of Chemical before him were intended as and constituted the filing of a claim by Chemical and were intended as and constituted a consent to bankruptcy jurisdiction to determine controversies between the parties.

The Trustee unsuccessfully urged as a second ground to sustain a finding of bankruptcy jurisdiction that Chemical had caused its dominated wholly owned subsidiary, Office Decorators, Inc. ("ODI" hereafter) to file a proof of claim for $9,328.59 against Haupt, the dividend on which would go to Chemical and that such claim should be treated as one filed by Chemical itself. The Referee found and concluded that ODI is an independent subsidiary and that there is no reason to pierce the corporate veil of this subsidiary and that the proof of claim of ODI should not therefore be treated as filed by Chemical. The Trustee petitions for review and reversal as a matter of law of this part of the Referee's order, claiming that the ruling as to ODI is in error.[1]

Chemical admits that it appeared in court before the Referee as a creditor with the intent to file a proof of claim.

1. The history of the bankruptcy proceedings is set out in substantial detail in In re Ira Haupt & Co., 379 F.2d 884 (2d Cir. 1967), affirming, 240 F.Supp. 10 (S.D.N.Y.1965); Henry Ansbacher & Co. v. Klebanow, 362 F.2d 569 (2d Cir. 1966), affirming, In re Ira Haupt & Co., 253 F. Supp. 97 (S.D.N.Y.1966); In re Ira Haupt & Co., 361 F.2d 164 (2d Cir. 1966); Ira Haupt & Co. v. Klebanow, 348 F.2d 907 (2d Cir. 1965), affirming, per curiam, In re Ira Haupt & Co., 234 F.Supp. 167 (S.D.N.Y.1964); Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir. 1965), reversing, 232 F. Supp. 965 (S.D.N.Y.1964); In re Ira Haupt & Co., 343 F.2d 726 (2d Cir.), cert. denied, Klebanow v. Chase Manhattan Bank, 382 U.S. 890, 86 S.Ct. 182, 15 L.Ed.2d 148 (1965), affirming, 234 F. Supp. 167 (S.D.N.Y.1964); In re Ira Haupt & Co., 274 F.Supp. 1007 (S.D.N.Y. 1967); In re Ira Haupt & Co., 252 F. Supp. 339 (S.D.N.Y.1966); In re Ira Haupt & Co., 240 F.Supp. 369 (S.D.N.Y. 1965); Klebanow v. Funston, 35 F.R.D. 518 (S.D.N.Y.1964).

However, Chemical asserts that its intent was limited to filing of a claim in a Chapter XI reorganization should the petition therefor, pending at the time, be approved; and that it did not intend nor did it file nor may its acts be construed to amount to the filing of a claim in the bankruptcy which was adjudicated thereafter. Briefly, Chemical contends that a creditor's statement at a hearing before the Referee that its claim might be filed under certain circumstances is not a submission to the summary jurisdiction of a court of bankruptcy for all purposes.

The chronology pertinent hereto appears in the record as follows:

During April and May of 1963 Ira Haupt & Co. a former stockbrokerage firm sold and leased-back its electronic data processing equipment to I. H. Leasing Corp. and its office furniture, fixtures and other equipment to ODI. These purchases were financed by loans from Chemical totalling almost $1-million which were secured by the furniture and equipment leased back to Haupt. ODI was created for this "lease financing" transaction. All of ODI's stock was held by one Samuel Brouner. The contracts gave Chemical a direct claim against Haupt in the event of the insolvency of either ODI or Haupt.

Shortly after it became apparent that Haupt was insolvent in late November, 1963, the New York Stock Exchange, Haupt and certain creditor banks, not including Chemical, attempted to provide for an orderly liquidation. Chemical apparently agreed to cooperate and to raise no objection to the sale of the security for its loan to ODI by the Liquidator of Haupt, one James Mahony. However, Mr. Brouner, ODI's sole stockholder refused to sign the bills of sale unless he were bought out. Mrs. Irene Riebe, a secretarial employee of Chemical was utilized to become the nominal purchaser and registered holder of ODI's capital stock for Chemical's benefit; had Chemical held ODI's stock itself it would have violated state and federal banking laws. Mrs. Riebe also became a director and

president of ODI. Mrs. Riebe was indemnified by the bank against any personal liability as stockholder, director and officer of ODI. Two other secretaries of Chemical also became officers and directors of ODI.

In March, 1964, the Stock Exchange relinquished its role in the Haupt liquidation. Thereafter, Chemical set off funds held by it in accounts for Haupt and for the Liquidator against the indebtedness of Haupt to Chemical on the lease financing and other loans. It is these funds that the Trustee seeks from Chemical in the summary proceeding instituted by the Trustee.

On March 23, 1964, three limited partners of Haupt filed an involuntary petition in bankruptcy against Haupt. On March 30, 1964, a petition was filed in the name of the Haupt partnership to effect an arrangement pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C. § 721. On June 10, 1964, the petition for a Chapter XI arrangement was dismissed before Referee Ryan and on June 26, 1964 Haupt was adjudged bankrupt. It was during the period of these matters that Chemical became a party to the proceedings in the court of bankruptcy, in the following way.

On April 27, 1964, at the first meeting of creditors John W. Barnum, Esq., a member of the firm of Cravath, Swaine & Moore, appeared representing Chemical. The Cravath firm filed a memorandum dated May 4, 1964 in opposition to the limited partners' motion that the Chapter XI petition be dismissed. On May 15, 1964, Mr. Barnum appeared again representing Chemical and the following colloquy ensued:

"The Referee: Mr. Freund? [Attorney for the limited partners]

Mr. Freund: Good morning, your Honor.

Mr. Barnum: I believe some question was raised at the last hearing—I am afraid I was not able to attend—concerning the position of Chemical Bank and whether or not it had filed a proof of claim. I was told that this question

was asked by Mr. Freund and I gathered that your Honor was not aware of just what the position of the Chemical Bank was.

Chemical Bank has not in fact filed a proof of claim. They are listed as a creditor in the Rule 11(a) 2 [sic] affidavit filed by the petitioners herein as a creditor in the amount of $719,000. That claim represents a secured claim against two other entities, I. H. Leasing and Arthur [sic] Decorators, and Chemical is working with those two entities to liquidate the assets, and when the exact amount of the claim-over against Ira Haupt itself has been determined, Chemical will at that time file a proof of claim in an exact amount, rather than based on these contingencies.

Your Honor, of course, recalls having signed an order permitting Ira Haupt to release its lease—

The Referee: Yes.

\*　　\*　　\*　　\*　　\*　　\*

(Discussion off the record.)

Mr. Freund: This I would like on the record, if your Honor please.

I would like to know whether the Chemical Bank is appearing in this proceeding as a creditor—period— and is submitting to the jurisdiction of this Court.

\*　　\*　　\*　　\*　　\*　　\*

Mr. Freund: I would prefer that they appear because that may become important later on.

The Referee: I am at a complete loss to understand the significance of how it could.

Mr. Freund: Well, if your Honor please, if they received a preference—

The Referee: Yes.

Mr. Freund: —and they submit to the jurisdiction of the Court I have a vague recollection that they may be submitting as to the summary jurisdiction of the court.

The Referee: Yes.

Mr. Freund: As against a possible plenary suit.

The Referee: Yes, but they only do this by filing a proof of claim. They have not filed a proof of claim as yet.

Mr. Freund: Then do they have any standing?

I have enough briefs to answer—amicus curiae briefs are something that I would rather relegate to some other jurisdiction. If they do want me to answer the brief, and I have prepared an answer, I would like to know in what capacity I am required to respond to them.

The Referee: Mr. Barnum, can you assist us at this time or would you require some time to give some consideration to the full impact of what your response might be?

Mr. Barnum: I can state at this time that it is our intention to file a proof of claim, when the exact amount of the claim is determined.

The Referee: So you appear at this time as a creditor?

Mr. Barnum: Correct.

The Referee: With the intent to file a proof of claim?

Mr. Barnum: Correct.

The Referee: All right.

Mr. Barnum: All right.

The Referee: You are welcome."

On March 23, 1966, the Trustee commenced a summary proceeding against Chemical for the surrender and turnover of $993,495.97 to the Trustee, which Chemical had applied to its claims or set off to satisfy, among others, its claim under the lease financing transaction.

By notice of motion dated May 3, 1966, Chemical moved to dismiss the summary proceeding. The Trustee answered this motion under date of August 2, 1966 and the issue of jurisdiction was tried to the Referee on October 10 and 11, 1967.

On August 19, 1964, Mrs. Riebe, on behalf of ODI, signed and filed a proof of claim against Haupt in the amount of $9,328.59, representing the balance of the indebtedness of ODI and Haupt to Chemical.

The Referee filed written findings of fact and conclusions of law on April 16, 1968 in which he determined that he had summary jurisdiction over Chemical, not by virtue of piercing ODI's corporate veil which the Referee explicitly declined to do, but by reason of his finding that Chemical once having appeared in the bankruptcy proceeding and having asserted a claim could not be heard to demand plenary proceedings on the Trustee's application that Chemical turn over funds to the Trustee. By order dated April 25, 1968, the Referee denied the motion of Chemical to dismiss the application for the turnover of the moneys referred to above.

On its petition for review, Chemical questions the sufficiency in fact and law of its acts and declarations to constitute the filing of a claim in bankruptcy and of a consent to adjudicate controversies with the Trustee in the bankruptcy court. Further, it contends that even if acts and oral declarations within the six month time limit for filing claims in insolvency proceedings may be sufficient to permit the filing of a formal claim after the expiration of that time, as an amendment to a timely assertion of claim, the earlier informal filing is insufficient as a consent to the jurisdiction of the court of bankruptcy to pass on controversies between the Trustee and the claimant.

The Referee has found that Chemical's declarations to the court of bankruptcy were with the intent to assert a claim against the estate; that Chemical acknowledged and declared its creditor relationship "for the purpose of asserting a claim against Haupt * * * within six months after the first date set for the First Meeting of Creditors" * * *.

From these facts the Referee concluded, properly, in this Court's view, that these acts and declarations, though not a formal "proof of claim" complying with the requirements of Section 57(a) of the Bankruptcy Act, 11 U.S.C. § 93(a), are a sufficient joinder of and participation by Chemical in the proceedings proper; and not only do they entitle Chemical to file a formal claim and share in the assets of the bankrupt estate, [See, In re Gibraltor Amusements Ltd., 315 F.2d 210 (2d Cir. 1963)] but they also entitle the Referee to pass on controversies between the Trustee and Chemical. Citing Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), and Nortex Trading Corp. v. Newfield, 311 F.2d 163 (2d Cir. 1962), the Referee held that the asserting of a claim by Chemical against Haupt in this proceeding, as described above, at a time when it was attempting to persuade the Court not to dismiss the proceedings for an arrangement, constitutes a consent and submission to the jurisdiction of the court of bankruptcy, with the same force and effect as if it had formalized its action by filing a paper writing complying with Section 57(a).

Chemical urges that its intent to file a claim was related and limited to filing a claim in an arrangement to be confirmed under Chapter XI. No such limitation was found to accompany the declaration and no notice thereof appears in the record. The finding of an intent to assert a claim in the proceedings and the evidence that Chemical was then and there appearing as a creditor with the intent to file a proof of claim sufficiently dispose of Chemical's contention of a limited purpose.

Chemical does not dispute that the filing of a formal proof of claim is analagous to the commencement of an action against the estate, and is such a participation in the bankruptcy proceedings that equity permits the maintenance of a counterclaim by the Trustee against the claimant. Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Chemical argues that because it has not filed a formal proof of claim, that is, it did not follow up its intervention and participation in the proceedings as a creditor with the intent to file a proof of claim, it cannot be subjected to the assertion against it of the Trustee's "counterclaims".

■ It must be kept in mind that: "The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a *res*." Gardner v. New Jersey, 329 U.S. 565, 574, 67 S.Ct. 467, 472, 91 L.Ed. 504 (1947). The demands of creditors against the estate are but parts of the bankruptcy process. Creditors' claims are not independent and separate suits at law or in equity. Wiswall v. Campbell, 93 U.S. 347, 23 L.Ed. 923 (1876).

■ Chemical's argument is formalistic; it is not the mechanical filing of a piece of paper that gives the Court "jurisdiction" over a claimant. It is, rather, what the filing formalizes, namely, the appearance and the assertion of a right to participate in the proceedings, a demand by the claimant, albeit contingent and unliquidated, against the *res*, the bankrupt estate. That demand is one which Chemical, at its option, may now formalize at anytime. Chemical has deliberately, in open court, proclaimed its status as a creditor and it availed itself of a right which belonged only to a creditor when it spoke in support of the continuation of the proceedings for an arrangement which were then pending. Chemical, as an interested party, was then seeking a judicial action for which it acquired standing only by becoming a participant in the proceedings. Chemical effectively intervened in the proceedings as a creditor and was so recognized and consequently permitted to participate as a party to the proceedings. It no longer was a bystander or visitor, it was actively, by its voluntary act, part of the proceedings. The orderly administration of bankrupt estates cannot suffer a thesis of "brinkmanship" which is what is really at issue here. Chemical should not now be permitted to eschew the status it assumed because its position as a creditor may require it to have its controversies with the Trustee handled procedurally under the jurisdiction of the court of bankruptcy.[2]

On the Trustee's petition for review, he requests reversal of the Referee's order insofar as it is alleged to be in error in failing to conclude as a matter of law that Chemical by causing ODI to file a proof of claim herein consented to the jurisdiction of the court of bankruptcy. The facts are that in May, 1964 Chemical in writing held out ODI as its nominee; ODI's claim against the bankrupt estate was filed thereafter, on August 19, 1964, and at that time it had neither business nor employees. The Referee has further found that ODI was at that time being utilized solely as directed by Chemical and was a conduit to liquidate ODI's claims against Haupt but that ODI, at that time, had a real, separate, independent corporate existence. He has also found that counsel for Chemical represented on May 15, 1964 that Chemical would file a formal proof of claim in the exact amount owing to Chemical from Haupt after liquidation of the assets of ODI and of I. H. Leasing Corp., and that the $9,328.59 claim of ODI against the bankrupt asset is "considered to be a balance due" to "Chemical Bank in some form, directly or indirectly".

On these findings of fact the Referee concluded that the Court is not required to ignore the corporate form of ODI and will not look through the form of and behind the entity to find a consent to the jurisdiction of the court of bankruptcy.

■ In the usual case, the corporate veil is pierced to permit the assertion against the parent of a liability incurred by a dominated subsidiary as when the parent has taken over the management and direction of the subsidiary's affairs. Here, however, the question is whether the assertion of the claim of the subsidiary warrants the implication of a consent to summary jurisdiction over the parent. In consonance with equitable

2. Cf. In re Pennington, 339 F.2d 583 (6th Cir. 1965) holding that participation in a 21-A examination (essentially a discovery proceeding) was not an intervention in the bankruptcy proceedings proper.

principles, the separate entity should be disregarded when that is required to avoid fraud and injustice. No element of fraud or resulting inequity is present here. The Referee has reported that: "No equitable considerations appear which would require that the corporate veil * * * should be disregarded". The claim of ODI against Haupt was not created through the misuse of ODI; it was incurred in a normal business transaction while ODI was fully independent and prior to acquisition on behalf of Chemical of the equity of ODI. The assertion of ODI's claim against Haupt was not made under circumstances from which it is fair or reasonable to infer that Chemical intended to submit itself to the court of bankruptcy through the ODI claim, or under circumstances of fraud or inequity which would require a court of bankruptcy to hold that by directing ODI to file its claim Chemical is estopped to deny the Court's summary jurisdiction. Cf. Soviero v. Franklin National Bank of Long Island, 328 F.2d 446 (2d Cir. 1964).

The summary jurisdiction of a bankruptcy court is considered more expeditious and hence a more economical form of administration of matters involving a bankrupt and a procedure which more effectively protects creditors and the estate. Of course, these benefits may not override the safeguards against undue celerity or be used as arguments to deprive one of substantial rights, which include the right to a plenary proceeding to adjudicate the claims of an estate. However, as the Referee so cogently states, "Chemical may not have its cake and eat it, too". (Memo. of Referee Edward J. Ryan, on motion to dismiss, at p. 4).

The questions of intent or purpose are questions of fact and these were here resolved by the Referee on substantial evidence in favor of the Trustee's application.

Findings of fact made by a Referee in Bankruptcy should not be set aside unless "clearly erroneous". General Order 47; In re G.E.C. Securities, Inc., 223 F.Supp. 861, 863 (S.D.N.Y. 1963), aff'd 331 F.2d 655 (2d Cir. 1964).

The Referee in such circumstances as these has available to him for the decisional process an informed appreciation of the proceedings and the background and context of the acts and declarations of the parties therein and of the transactions involved. Viewing the record as a whole the Court independently finds that there is no legal basis on which the order of the Referee should be disturbed; his findings are supported by evidence and the equities and moreover, they are not clearly erroneous and he correctly applied the law to the facts found.

Petitions for review denied.

So ordered.