**In the Matter of PADDINGTON PRESS, LTD., Debtor.**

**PADDINGTON PRESS, LTD., Debtor-In Possession, Plaintiff,**

v.

**HILL SAMUEL & CO., LTD., and Ian McIsaac, Defendants.**

**Bankruptcy No. 80 B 10719.**

United States Bankruptcy Court, S. D. New York.

July 25, 1980.

Stroock & Stroock & Lavan, New York City, for defendants; Andrew B. Schultz, Daniel D. Kaplan, New York City, of counsel.

Levin & Weintraub, New York City, for the plaintiff-debtor; H. Stephen Edelman, Paul H. Silverman, New York City, of counsel.

## MEMORANDUM OPINION

JOEL LEWITTES, Bankruptcy Judge.

■ Defendants Hill Samuel & Co., Ltd. ("Hill"), a banking institution in the United Kingdom, and Ian McIsaac ("Receiver"), a Receiver of the Chapter 11 debtor's assets in the United Kingdom, move pursuant to Fed.R.Civ.P. 12(b)(2)(4)and (5)[1] for an order dismissing[2] an adversary proceeding[3] commenced against them by the Chapter 11 debtor, Paddington Press, Ltd. ("debtor"), on the grounds of lack of jurisdiction, insufficiency of process, and insufficiency of service of process.

The adversary proceeding herein was commenced by the issuance, on June 24, 1980, of a summons and complaint.[4] In accordance with Bankruptcy Rule 906,[5] for cause shown, this Court reduced the defendants' time to answer or move with respect to the complaint to July 9, 1980. The trial of the adversary proceeding was set down for July 11, 1980.

---

1. This Court's procedural mate to the above cited sections of the Federal Rules of Civil Procedure is denominated as Bankruptcy Rule 712(b), 411 U.S. 1074–5, 93 S.Ct. 3151, 37 L.Ed.2d lxviii.

2. Where, in this proceeding, the gravamen of defendants' motion is ineffective service, such motion should be treated as one for quashing service, rather than dismissal of the complaint. See *Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir. 1972).

3. In accordance with Bankruptcy Rules 701(1) and (5), 411 U.S. 1068, 93 S.Ct. 3147, 37 L.Ed.2d lxvi, a proceeding, as here, to recover property and to obtain an injunction, respectively, is designated as an adversary proceeding.

4. See Bankruptcy Rule 703, 411 U.S. 1069, 93 S.Ct. 3147, 37 L.Ed.2d lxvi.

5. 411 U.S. 1094–5, 93 S.Ct. 3167, 37 L.Ed.2d lxxvii.

The defendants contend that this Court lacks personal jurisdiction [6] over them since service of process was made, not on them, but upon the law firm of Stroock & Stroock & Lavan ("Stroock"), Defendants maintain that Stroock was not authorized by them to accept service and that the law firm has not appeared for them in the adversary proceeding.

■ It must be observed, however, that on June 12, 1980 this Court conducted a hearing in this Chapter 11 case to determine the merits of the debtor's application, brought pursuant to Bankruptcy Code § 102(1) [7] for certain relief under § 364 of the Code.[8] At that hearing, Sheldon I. Lowe, Esq., a member of the Stroock firm, appeared on behalf of the instant defendants.[9] Mr. Loew, as the record of that June 12, 1980 hearing indisputably reflects, took a most active part in opposing the debtor's § 364 application.

Where, as here, the defendants "effectively intervened" [10] in the Chapter 11 case,[11] they are no longer bystanders or visitors but are actively "part of the proceedings".[12] These defendants, by their voluntary appearance and opposition to the contents and form of the debtor's proposed financing agreement with a third party, have submitted themselves to the jurisdiction of this Court, and "there is nothing arbitrary or unreasonable in treating [them] . . . as being there for all purposes for which justice to the [debtor] . . . requires [their] . . . presence." [13]

Since the defendants' appearance by their counsel in the Chapter 11 case constituted a consent to this Court's jurisdiction over the defendants, their motion under Fed.R.Civ.P. 12(b)(2) is denied.

As noted earlier, the defendants seek dismissal of the complaint, as well, under the provisions of Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process.[14] Although the provisions for service of process must be complied with, "[t]he standards set in Rule 4(d) for service on individuals and corporations are to be liberally construed . . ." [15] We are aware, of course that Stroock, in its capacity as defendants' attorney earlier in the Chapter 11 case

"does not thereby become [its] . . . clients['] agent authorized by 'appointment . . . to receive service of process.' Nor is the fact that an attorney represents his client in a completely *unrelated* litigation sufficient to establish the requisite authority." [16]

■ However, where Stroock as here, has appeared for the defendants in the Chapter 11 case and where the instant litigation is integrally related to the case, it necessarily appears that such counsel if not expressly, certainly impliedly, was authorized to receive service of process for the defendants.

Under Fed.R.Civ.P. 4(d) "process must be served in a manner reasonably calculated to

---

**6.** It should be noted that "the defenses of lack of jurisdiction over the person and insufficiency of process are sometimes viewed as interchangeable for purposes of Rule 12. . . ." *Fish v. Bamby Bakers, Inc.*, 76 F.R.D. 511, 513 (N.D.N.Y.1977) (citations omitted).

**7.** 11 U.S.C. § 102(1).

**8.** 11 U.S.C. § 364.

**9.** In accordance with Bankruptcy Rule 910(b), 411 U.S. 1096, 93 S.Ct. 3168, 37 L.Ed.2d lxxvii, an attorney's appearance may be noticed, as here, by a notation in the record. See June 12, 1980 hearing, transcript p. 2.

**10.** *In re Ira Haupt & Co.*, 289 F.Supp. 966, 971 (S.D.N.Y.1968).

**11.** 11 U.S.C. § 1109(b).

**12.** *In re Ira Haupt & Co., supra* at 971.

**13.** *Cf. Adam v. Saenger*, 303 U.S. 59, 67, 58 S.Ct. 454, 458, 82 L.Ed. 649 (1938).

**14.** Although defendants have moved, as well, under Fed.R.Civ.P. 12(b)(4), an objection under this subsection "concerns the form of the process rather than the manner or method of its service." 5 Wright and Miller § 1353 at 577–8 (1969). We discern no challenge here by the defendants to the form of debtor's summons and complaint and accordingly the objection under Fed.R.Civ.P. 12(b)(4) is denied.

**15.** *Cf. Grammenos v. Lemos, supra* at 1070.

**16.** *Cf. United States v. Bosurgi*, 343 F.Supp. 815, 817 (S.D.N.Y.1972) (Weinfeld, D.J.) (emphasis supplied) (footnotes omitted).

give defendant[s] actual notice of the proceedings against . . . [them]."[17] As noted by the Court in *United States v. Davis*,[18] and quite apposite here

"There is no fear . . . that service of the summons and complaint upon [the attorney] would not be brought home to each principal. This is at times a matter of concern in these problems of service of process through claimed authorized agent. That service of process upon their lawyer would bring notice of the lawsuit to [the principals] seems beyond argument. . . . Also, a lawyer endowed with all the authority here to act and appear is about the best candidate one could choose to insure notice of a pending lawsuit."[19]

We conclude, therefore, that Stroock by its appearance in the Chapter 11 case on behalf of the defendants, was an agent authorized to receive service of process in this adversary proceeding in the Chapter 11 case.

The motion to dismiss the debtor's complaint is denied.

So ordered.

---

17. *Cf. Manchester Modes, Inc. v. Lilli Ann Corp.*, 306 F.Supp. 622, 626 (S.D.N.Y.1969).

18. 38 F.R.D. 424 (N.D.N.Y.1965).

19. *Id.* at 425–6.