See also, Bkrtcy., 27 B.R. 183.

**In re Joseph DECKER and Ann Decker, i/t/a Chestnut Ridge Farms, Debtors.**

**EASTON NATIONAL BANK & TRUST COMPANY, Plaintiff,**

**v.**

**Joseph DECKER and Ann Decker, i/t/a Chestnut Ridge Farms, Defendants.**

**Bankruptcy Nos. 79–408 to 79–410.**

United States Bankruptcy Court, M.D. Pennsylvania.

May 20, 1982.

Alfred S. Pierce, Teel, Stettz, Shimer & DiGiacomo, Ltd., Nazareth, Pa., for plaintiff Eastern Nat. Bank & Trust Co.

Roger Mattes, Mattes, Mattes & Mattes, P.C., Scranton, Pa., for defendants.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The Easton National Bank and Trust Company (the Bank), a creditor of the above captioned Chapter XI debtors, has applied to this Court for an order dismissing the debtors' Chapter XI case. The Bank presents four bases for dismissal: 1) "the fundamental principles upon which a Chapter XI proceeding are founded have not been properly applied"; 2) the debtors lack of good faith amounts to fraud under Rule 11–42(b)(4) of the Rules of Bankruptcy Procedure; 3) the debtors have no reasonable possibility of rehabilitation; and 4) the debtors have failed to propose a plan of arrangement.

The salient facts of the case are as follows. The debtors filed for relief under Chapter XI of the Bankruptcy Act on May 4, 1979. They have continued to operate their farm as debtors-in-possession since the commencement of bankruptcy. The Bank, a secured creditor of the debtors, previously commenced an action in this Court for a modification of the stay imposed by Rule 11–44(a) of the Rules of Bankruptcy Procedure to foreclose its mortgage on the debtors' real property. In that proceeding we determined that a continuation of the stay would not result in undue risk of material harm to the Bank pending the debtors' proposal of a plan of reorganization and that the Bank's interest in the property was adequately protected due to a substantial equity cushion. In addition to the instant dispute the debtors are also litigating the value of a claim filed by another creditor, Central Soya, Inc., which asserts a security interest in a substantial part of the debtors' business assets. The debtors contend that Central Soya's claim has been satisifed. The debtors have postponed their filing of a plan of arrangement pending the adjudication of the Central Soya litigation since the contents of the plan will be dictated largely by the outcome of that dispute.

The authority for dismissal of a Chapter XI case prior to confirmation of a plan of arrangement is found in § 376 of the Bankruptcy Act (former 11 U.S.C. § 776) and Rule 11–42(b) of the Rules of Bankruptcy Procedure. Other provisions for dismissal are found elsewhere in the Act and the Rules but these provisions have not been drawn into issue. Section 376 of the Bankruptcy Act states as follows:

Sec. 376. If the statement of the executory contracts and the schedules and statement of affairs, as provided by paragraph (1) of section 324 of this Act, are not duly filed, or if an arrangement is not proposed in the manner and within the time fixed by the court, or if an arrangement is withdrawn or abandoned prior to its acceptance, or is not accepted at the meeting of creditors or within such further time as the court may fix, or if the money or other consideration required to be deposited is not deposited or the application for confirmation is not filed within the time fixed by the court, or if confirmation of the arrangement is refused, the court shall—

(1) where the petition was filed under section 321 of this Act, enter an order dismissing the proceeding under this chapter and directing that the bankruptcy be proceeded with pursuant to the provisions of this Act; or

(2) where the petition was filed under section 322 of this Act, enter an order, upon hearing after notice to the debtor, the creditors, and such other persons as the court may direct, either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pursuant

to the provisions of this Act or dismissing the proceeding under this chapter, whichever in the opinion of the court may be in the interest of the creditors: Provided, however, That an order adjudging the debtor a bankrupt may be entered without such hearing upon the debtor's consent.

Section 376 is superceeded by Rule 11–42(b) to the extent the provisions of the two conflict although the rule cannot "abridge, enlarge, or modify any substantive rights." 28 U.S.C. § 2075. Rule 11–42(b) states as follows:

(b) *Dismissal or Conversion to Bankruptcy for Want of Prosecution, Denial or Revocation of Confirmation, Default, or Termination of Plan.* The court shall enter an order, after hearing on such notice as it may direct dismissing the case, or adjudicating the debtor a bankrupt if he has not been previously so adjudged, or directing that the bankruptcy case proceed, whichever may be in the best interests of the estate—

(1) for want of prosecution; or

(2) for failure to comply with an order made under Rule 11–20(d) for indemnification; or

(3) if confirmation of a plan is denied; or

(4) if confirmation is revoked for fraud and a modified plan is not confirmed pursuant to Rule 11–41; or

(5) where the court has retained jurisdiction after confirmation of a plan:

(A) if the debtor defaults in any of the terms of the plan; or

(B) if a plan terminates by reason of the happening of a condition specified therein.

The court may reopen the case, if necessary, for the purpose of entering an order under this subdivision.

The Advisory Committee Notes construing Rule 11–42 expand upon the phrase "want of prosecution" found in Subsection (b)(1). In part, the Notes state:

Among the causes listed is "want of prosecution" which includes failure to file schedules and statements, failure to pro-

pose a plan, withdrawal or abandonment of a plan, or failure to make any deposit required by the plan, all of which are now specified in § 376 of the Act.

Rules of Bankruptcy Procedure, H.R.Doc. No. 93–241, 93rd Cong., 2d Sess. 66 (1974).

The Bank contends that this bankruptcy case should be dismissed for any of four reasons. Its first basis is that "the fundamental principles upon which a Chapter XI proceeding are founded have not been properly applied". The Bank avers that, as a secured creditor, it has not consented to the debtors' failure to pay mortgage payments, property taxes and insurance premiums on the property. The Bank has failed to point to any authority in either the Act or the Rules which would allow the Court to dismiss this Chapter XI case for the debtors' failure to execute these enumerated obligations. Neither § 376 nor Rule 11–42(b) allows for dismissal on such grounds. Furthermore, in the Bank's previously adjudicated action to lift the stay imposed by Rule 11–44, we determined that its security interest in the debtors' property was adequately protected. Thus, the Bank's first basis for dismissal is without merit.

The Bank's second contention is that the debtors' lack of good faith amounts to fraud under Rule 11–42(b)(4). By its language Rule 11–42(b)(4) is not applicable to the case at bar. As quoted above, subsection (b)(4) states that the Court has authority to dismiss a case "if confirmation is revoked for fraud and a modified plan is not confirmed pursuant to Rule 11–41." In the instant case confirmation has not been revoked for fraud; in fact, the debtors have yet to submit a plan of arrangement. Consequently, the Bank's second basis for dismissal is groundless.

As a third basis for dismissal the Bank contends that the debtors have no reasonable possibility of rehabilitation. This basis for dismissal is not supported by § 376 or Rule 11–42(b). Notwithstanding, the Court possesses inherent power as part of its equity jurisdiction to dismiss a peti-

tion where there is no prospect of the debtors' rehabilitation. *Ira Haupt & Co. v. Klebanow,* 348 F.2d 907 (2d Cir.1965) (per curiam); 5 Collier on Bankruptcy ¶ 1121.02(3) (15th ed. 1979). Based upon the testimony presented at the hearing on this matter we find that there is a reasonable prospect of the debtors' rehabilitation. As a result, the Bank's third contention is also without merit.

The Bank's fourth basis for dismissal is the debtors' failure to submit a plan of arrangement. Section 376 of the Bankruptcy Act states that the Court has authority to dismiss a case in bankruptcy "if an arrangement is not proposed in the manner and within the time fixed by the court...." The Bank's argument is based simply upon the debtors' failure to file a plan; it does not contend that the debtors failed to file a plan "within the time fixed by the court." Without this averment the Bank has failed to assert a prima facie claim for dismissal under the above quoted language of § 376. Rule 11–42(b)(1) allows the Court to dismiss a Chapter XI case "for want of prosecution." In the case at bar the debtors have postponed the filing of a plan of arrangement pending the outcome of a dispute with Central Soya, one of their major creditors. The resolution of this dispute will dictate largely the contents of the plan. We therefore find that the debtors failure to file a plan is excusable in light of the current circumstances of the case and that dismissal is inappropriate.

Since the Bank's four bases for dismissal of the debtors' Chapter XI case are without merit, the Bank's application for dismissal is denied. This opinion constitutes findings of fact and conclusions of law pursuant to Rule 752 of the Rules of Bankruptcy Procedure.